# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**HENRY DEE,** :

    **Petitioner** : **CIVIL ACTION NO. 3:19-1293**

    v :

                                  **(JUDGE MANNION)**

**R.A. HEISNER, WARDEN,** :

    **Respondent** :

## MEMORANDUM

Petitioner, Henry Dee, an inmate confined in the Allenwood United States Penitentiary, ("USP-Allenwood"), White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner seeks immediate release. (Doc. 1, petition). Specifically, he claims that his sentence for Attempted Escape is extreme and he "has served over 48+ years of incarceration, the Illinois Department of Corrections deemed that he had served enough time, as well as been a model inmate to be worthy of release from incarceration" and he "is 73 years of age, has poor health and requires medications for his day to day living, including insulin to maintain his blood sugar." Id. For relief, he seeks immediate release "so that Petitioner can spend the remainder of his days with cherished loved ones that he does have left." Id. The petition is ripe for disposition, and for the reasons outlined below,

the petition will be **DISMISSED** for Dee's failure to exhaust administrative remedies.

I. **Background**

On August 17, 1971, Petitioner was taken into custody by the State of Illinois. (Doc. 1, Petition).

Petitioner states that "in 1979, Petitioner was transported from state custody to the Metropolitan Correctional Center in Chicago on a separate issue that required Federal Intervention." Id. He claims that "during such time, [he] was given an additional charge and sentence under 18 U.S.C. §751, Attempted Escape, to wit Petitioner received a 36 month consecutive sentence." Id.

On October 8, 1980, a detainer was lodged against Petitioner. Id.

On April 17, 2019, Petitioner was "transported to the M.C.C. Metropolitan Correctional Center in Chicago, Illinois for execution of said consecutive sentence and detainer." Id.

On July 1, 2019, Petitioner was received at USP-Allenwood. (Doc. 14-1 at 3). He has a projected release date of August 2, 2021. Id.

Petitioner files the instant petition for writ of habeas corpus, challenging

the length of his sentence for Attempted Escape, as well as requesting release, based on his age and health.

A November 18, 2019 search of the BOP SENTRY computer generated Administrative Remedy Retrieval system revealed that Petitioner has not filed any administration remedies since his designation to BOP custody. (Doc. 14-1 at 8, Administrative Remedy Generalized Retrieval).

## II. Discussion

### A. Exhaustion of Administrative Remedies

District Courts have jurisdiction under §2241 to consider petitions brought by inmates, like Clark, who allege that the BOP miscalculated their sentences. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Section 2241, and not §2255, confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging the execution rather than the validity of his sentence. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

Although there is no statutory exhaustion requirement attached to habeas petitions brought pursuant to 28 U.S.C. §2241, a federal prisoner must exhaust his administrative remedies **prior** to filing a §2241 petition. See Small

v. Camden County, 728 F.3d 265, 269 (3d Cir. 2013); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (emphasis added). This mandate "has developed through decisional law in applying principles of comity and federalism" to claims brought under §2241. Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Giving an agency the opportunity to correct its errors is a central purpose of the exhaustion requirement. See Woodford v. Ngo, 548 U.S. 81, 89, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The Supreme Court has explained that:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).

Id. (citations and internal quotation marks removed). In order for a prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. §542.10 et seq., otherwise, the habeas petition should be dismissed. Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981) (requiring federal prisoner to exhaust administrative remedies before bringing claim under §2241). Exhaustion is not required, however, if there is no opportunity to obtain

adequate redress; if the issue presented only pertains to statutory construction; or if the prisoner makes an affirmative showing of futility. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); Schandelmeier, 819 F.2d at 53; Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. §542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. §542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. §542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. §542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. §542.18. Finally, the regulation provides that if the inmate

does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

As is apparent from the November 18, 2019 search of the administrative index database, Petitioner has failed to exhaust his administrative remedies pertaining to his request for release. Specifically, the record reveals that, while in BOP custody, Petitioner has not file any administrative remedies concerning a request for release. (See Doc. 14-1 at 8, Administrative Remedy Generalized Retrieval). As such, the record demonstrates that Petitioner has failed to exhaust the administrative remedy process prior to bringing the instant action.

Moreover, to the extent that Petitioner seeks to attack his underlying federal conviction, "the usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). There is no indication of record that Petitioner has challenged his underlying federal conviction by way of a 2255 motion. Thus, this remedy may still be available to him. Accordingly, the petition will be dismissed.

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 18, 2019**
19-1293-01